IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., #01966673 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv253 |
| TEXAS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Luis Ray Jaramillo, Jr., a prisoner confined in the Beto Unit of the Texas prison system, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History and Factual Background.

Plaintiff filed his original complaint on June 17, 2021.[1] He asserted various mis-joined claims under the First, Fifth, Eighth, and Fourteenth Amendments at the Coffield Unit occurring between January 3, 2019, and June 18, 2020. He also asserted claims under Article 1, §§ 3 & 19 of the Texas Constitution. He raised factual claims of: (1) denial of access to courts, (2) conditions of confinement regarding a poor mattress, (3) a lack of nutritious food resulting in weight loss, (4) harassment and verbal threats, (5) retaliation, (6) denial of medical services, (7) tainted food, (8)

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's pleading is deemed to have been filed on the date that the prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Although the Clerk of the Court filed Plaintiff's Original Complaint on June 28, 2021, a review of his Original Complaint shows that the complaint was signed and dated on June 17, 2021. The Court assumes the complaint was placed in the prison mail system on June 17, 2021, the date on which Plaintiff signed the complaint.

heat, (9) the denial of grievances, (10) conditions of confinement, specifically small cells and overcrowding, (11) his prison work assignments, (12) racist comments by correctional staff, (13) mail tampering, (14) theft of his IRS stimulus check, and (15) an incident involving being pushed down stairs while in handcuffs. (Dkt. #10, *et seq*.). He filed a First Amended Complaint on October 18, 2021, asserting the same causes of action. (Dkt. #21). Plaintiff's claims were very broad and conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In response to the Court's Order to replead (Dkt. #34), Plaintiff filed a Second Amended Complaint on June 28, 2022. (Dkt. #47). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As a result, the Second Amended Complaint will be the governing complaint in this case. Plaintiff raised claims pertaining to harassment, retaliation, deliberate indifference to serious medical needs, a due process claim regarding a false disciplinary case, access to courts, irregularities with the grievance process, conditions of confinement, and a state-created danger theory allegation.

He sued the State of Texas, The Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"), the University of Texas Medical Branch ("UTMB"), the TDCJ–Health Services Division, Coffield Unit Assistant Warden Todd K. Funai, Coffield Unit Assistant Warden Darron Lane, Major Michael A. Collum, Sergeant Hannah C. Marshall, Mailroom Supervisor Jessica N. Alexander, Captain Jerry D. Defoor, Captain Corbett T. Randall, Lieutenant Anthony Mackey, Jr., Sergeant Charles A. Halem, Correctional Officer FNU Pedro, Correctional Officer Susana F. Apata, Correctional Officer Josiah E. Oboh, Grievance Coordinator Rebecca M. Cox, Grievance Investigator Deborah R. Roden, Regional Grievance Investigator Tammy Shelby, Regional Grievance Investigator Jessica Riley, Regional Investigator FNU K. Pederson, UTMB

Practice Manager Pamela Pace, Physician's Assistant ("PA") Daniel Comeaux, Clinic Manager Wanda Oliver, and LVN Molly Emerson. All defendants are sued in their official and individual capacities.

After a review of Plaintiff's Second Amended Complaint, the Court severed his First Amendment access to courts claims against Mailroom Supervisor Jessica Alexander and issued a separate cause number for that claim. (Dkt. #48). The Court also severed out his Eighth Amendment medical deliberate indifference claims, including his heat claims, against Defendants Practice Manager Pamela Pace, Physician's Assistant Daniel Comeaux, C.C.A. Wanda Oliver, LVN Molly Emerson, TDCJ Health Services Division, and Sgt. FNU Pedro, and issued a separate cause number for those claims. (*Id.*)

The defendants remaining in this named and numbered action are: the State of Texas, TDCJ, UTMB, Assistant Warden Funai, Assistant Warden Lane, Major Collum, Sergeant Marshall, Captain Defoor, Captain Randall, Lieutenant Mackey, Sergeant Halem, Correctional Officer Apata, Correctional Officer Oboh, Grievance Coordinator Cox, Grievance Investigator Roden, Regional Grievance Investigator Shelby, Regional Grievance Investigator Riley, and Regional Investigator Pederson. Plaintiff seeks $100,000 from each defendant in compensatory damages and $100,000 from each defendant in punitive damages. He further seeks a permanent injunction to order TDCJ to overturn or expunge Plaintiff's disciplinary convictions, reconsideration of his parole-related requirements, and other relief that may be proper and equitable.

Preliminary Screening.

Plaintiff is a prisoner in the TDCJ. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Screening under § 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Iqbal*, 556 U.S. at 678. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts, when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff has been allowed to plead his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Once "a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Id*. at 792. (explaining that "plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold.").

Discussion and Analysis.

1. Claims against the State of Texas, TDCJ, and UTMB

Plaintiff sues the State of Texas, TDCJ, and UTMB pursuant to 42 U.S.C. § 1983. He cannot sue the State of Texas or any of its agencies, including TDCJ or UTMB, in their own names because such lawsuits are barred by the Eleventh Amendment and sovereign immunity. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *see, e.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (accepting the idea that individuals are permitted to sue a state once the state consents, or Congress abrogates the state's sovereign immunity pursuant to the Fourteenth Amendment); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*).

The Eleventh Amendment confirms the sovereign status of the states by shielding them from suits by individuals absent their consent. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing

*Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)). Plaintiff may not sue state entities, such as TDCJ or UTMB; instead, he must sue people such as state officials. *Aguilar v. Texas Dep't. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Moreover, neither TDCJ nor UTMB is "a person" for purposes of 42 U.S.C. § 1983; and thus, not amenable to suit. *Will*, 492 U.S. at 65-71.

His claims against the State of Texas, TDCJ, and UTMB lack an arguable basis in law and fail to state a claim upon which relief may be granted. Plaintiff's claims, however, should be dismissed without prejudice. Claims barred by the invocation of sovereign immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). For these reasons, it is recommended that the State of Texas, TDCJ, and UTMB be dismissed from this suit, without prejudice, for lack of subject matter jurisdiction.

2.  <u>Money damages against Defendants in their official capacities</u>.

Because Plaintiff is suing Defendants Funai, Lane, Collum, Marshall, Defoor, Randall, Mackey, Halem, Apata, Oboh, Cox, Roden, Shelby, Riley, and Pederson, in their official capacities. To the extent Plaintiff is seeking money damages from Defendants in their official capacities, that claim should be dismissed.

When a plaintiff files suit against state officials in their official capacities, in effect, he is bringing suit directly against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), *cert. denied*, 565 U.S. 1079 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself")). Since the State has not consented to suit, in as far as Plaintiff filed suit against Defendants for monetary relief in their official capacities, Defendants are shielded from this claim via the Eleventh Amendment. *See Frew*, 540 U.S. at 437

(citing *Seminole Tribe of Fla.*, 517 U.S. at 54). The Court recommends any claim seeking money damages from Defendants in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction.

3.      Fifth Amendment Claim

Plaintiff alleges Defendants violated his procedural due process rights pursuant to the Fifth Amendment. (Dkt. #47-1, p. 18, &107). His procedural due process claim under the Fifth Amendment fails because he is suing only state actors—as the individual defendants are employees of the Correctional Institutions Division of the TDCJ. The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (holding that the Fifth Amendment applies only to the actions of the federal government)). Plaintiff has not alleged that any individual defendant was acting under the authority of the federal government. Because the Fifth Amendment does not apply to state actors, Plaintiff has failed to state a viable constitutional violation and lacks an arguable basis in law. His Fifth Amendment claim should be dismissed with prejudice.

4.      Fourteenth Amendment Claims

The Court understands Plaintiff's Second Amended Complaint to allege violations of his right to due process pursuant to the Fourteenth Amendment in three contexts: (1) convicting him of various disciplinary offenses, (2) the same officers who sat on Unit Classification Boards for the review of Plaintiff's custody and classification also reviewed and denied his grievances, and (3) the denial of his grievances which appealed his disciplinary convictions. Plaintiff's due process challenges are without merit.

a. <u>Disciplinary Cases</u>

Plaintiff's complaint centers around his disciplinary offense of masturbating in public on March 12, 2019, Disciplinary Case number 20200125681. He asserts: (1) that the disciplinary case was altered in that the charging officer originally did not sign it, (2) that he is actually innocent because it was his cellmate, not him, who had been masturbating, (3) his cellmate's statement or confession was ignored, and (4) he requested security camera footage to show his innocence but was denied. Plaintiff has chosen the wrong forum in which to challenge his disciplinary cases.

He contends that he received false disciplinary charges in Disciplinary Case numbers 20200125681, 20200152230, and 20210026585. Plaintiff provides limited information regarding Disciplinary Case numbers 20200152230 and 20210026585. Regardless, he cannot assert a disciplinary due process claim in a 42 U.S.C. § 1983 action unless he first shows that the result of the disciplinary case was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff did raise his false disciplinary case claim concerning Disciplinary Case No. 20200125681 in Cause No. 6:19-cv-436, *Jaramillo v. Director*, in the Eastern District of Texas-Tyler Division—a 28 U.S.C. § 2254 federal habeas proceeding. His claim was dismissed on March 4, 2020, with prejudice. He filed a Notice of Appeal and sought a Certificate of Appealability from the Fifth Circuit in Appellate Cause No. 20-40193. Ultimately, the Fifth Circuit denied his request for a COA on April 20, 2021. As he is unable to show that his disciplinary conviction has been overturned, his Section 1983 claims here are barred.

"Claims for damages and declaratory relief challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable in a Section 1983 action until the relevant 'conviction' has been reversed, expunged, or otherwise declared invalid if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' in the disciplinary proceeding or the length of the prisoner's confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards*, 520 U.S. at 646). The Fifth Circuit has consistently upheld the application of *Edwards* regarding prison disciplinary cases. *See Taylor v. Gunnels*, 378 F. App'x 469, 470 (5th Cir. 2010); *Johnson v. Livingston*, 360 F. App'x 531, 532 (5th Cir. 2010); *Thomas v. Quarterman*, 339 F. App'x 364, 366 (5th Cir. 2009). Plaintiff has not shown that his disciplinary cases have been reversed, expunged, or otherwise declared invalid. He may not bring a civil rights proceeding in an effort to overturn the disciplinary cases.

To the extent that Plaintiff is complaining about his confinement in solitary confinement allegedly without due process (Dkt. #47-1, pp. 18-19), he has failed to state a claim. The Supreme Court placed severe limitations on challenges to disciplinary cases in *Sandin v. Conner*, 515 U.S. 472 (1995). The Court concluded that the federal judiciary had gone too far in extending due process rights. The Court retreated from its earlier conclusion that due process rights must be accorded to inmates before placing them in solitary confinement. *Id.* at 485. The Court held that "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Plaintiff's Fourteenth Amendment procedural due process claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The Fourteenth Amendment procedural due process claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also complains that the UCC committee's decision to not promote him in custody level and time earning class affected his eligibility for parole. He still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the plaintiff] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied,* 516 U.S. 1059 (1996). Therefore, to whatever extent the UCC's decision affected Plaintiff's eligibility for parole, his due process rights have not been violated. He has failed to state a cognizable claim. *See Madison,* 104 F.3d at 767; *Sandin,* 515 U.S. at 483–484.

    b.  <u>Officers as both grievance reviewers and Unit Classification Committee Members</u>

Plaintiff complains that Defendants Funai, Lane, and Collum were unit level reviewers on the denial of his Step 1 grievances, and that they sat as members of his Unit Classification Committee members who made decisions regarding his housing and custodial classification. He contends that this dual role that unit supervisors fulfill violates his due process rights. With any due process challenge, a plaintiff must show: (1) a constitutionally protected property interest, (2) what process was owed before that interest could be deprived, and (3) the inadequacy of the process provided. *Johnson v. Houston Indep. Sch. Dist.,* 930 F.Supp. 276, 286 (S.D. Tex. 1996). In Plaintiff's Second Amended Complaint, he does not allege what process was owed to him and how it was inadequate because unit supervisors were required to sit as a member on a three-person panel (a Unit Classification Committee) regarding his housing and custody level, and also sign off on the unit's response as a reviewer of Plaintiff's Step One grievances. Importantly, Plaintiff has not alleged facts showing that he had a constitutionally protected property interest at stake.

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (explaining that plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal). Plaintiff's due process claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    c.   The Grievance Process

Plaintiff complains that Defendants Assistant Warden Funai, Assistant Warden Lane, Major Collum, Grievance Coordinator Cox, Grievance Investigators Roden, Shelby, and Riley, and Regional Grievance Investigator Pederson violated his rights under the Due Process Clause regarding the processing, investigation, and denial of his grievances. Like all prisoners, Plaintiff does not possess a due process right to an effective prison grievance system, and "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) ("Schwarzer cannot demonstrate that prisoners have a constitutional right to a grievance system."). Plaintiff's due process claim in connection with the handling of his grievances fails to state a claim against these defendants.

5.   Retaliation

Plaintiff asserts that his disciplinary case for masturbating in public was brought in retaliation for helping another inmate, Laroy James Tindle, receive medical attention and bring a lawsuit against prison officials. He candidly acknowledges that it is his belief and that he has not been able to find any evidence to substantiate this claim. The Fifth Circuit has stated that when a prisoner alleges that a disciplinary proceeding is undertaken in retaliation for his exercise of constitutional rights, the district court must consider whether the retaliation claim states a potentially cognizable

cause of action under 42 U.S.C. §1983. *Emmett v. Thaler*, 379 F. App'x 321 (5th Cir. 2010), citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Serio v. Members of La. State Board of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Prisoners can state a claim for retaliation in violation of the First Amendment by alleging "that (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Trial courts are to carefully scrutinize claims of retaliation, especially in relation to disciplinary convictions, "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

In Cause No. 6:19-cv-436, *Jaramillo v. Director*, Plaintiff raised the same retaliation claim as stated here. In the Section 2254 habeas proceeding, the Court determined that Plaintiff's retaliation claim did not set out a cognizable cause of action under 42 U.S.C. §1983 because it was entirely conclusory and consisted of little more than Plaintiff's personal belief that he has been the victim of retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff's same claim raised here fares no better.

Plaintiff's disciplinary conviction and consequent punishment are sufficient to satisfy the second prong of the retaliation test. But in addition to an adverse action, the test above requires a prisoner also to allege his own First Amendment-protected actions <u>and</u> facts establishing that those actions were a substantial part of the defendants' motivation for the adverse action. Plaintiff's

Second Amended Complaint fails those prongs of the test. Instead, Plaintiff seems to claim retaliation based solely on an adverse action.

Prison officials may not retaliate against an inmate for exercising his right of access to courts or complaining to a supervisor about a prison employee or official. *Woods*, 60 F.3d at 1164. Plaintiff does not identify any such exercise of his rights prior to the alleged adverse actions, nor does he allege any facts that would tie the adverse actions against him to any such exercise. He alleges that he was retaliated against for helping another inmate, which is not a constitutionally protected activity. *See Tighe v. Wall*, 100 F.3d 41, 43 & n.1 (5th Cir. 1996). Additionally, causation in a retaliation case requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (internal citations omitted). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Id.*, 110 F.3d at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted). "Conclusory allegations of retaliation without a specific factual basis will not suffice." *Graves v. Mbugua*, No. 9:16-CV-170, 2020 WL 6947900, at *5 (E.D. Tex. Aug. 13, 2020), *report and recommendation adopted*, No. 9:16-CV-170, 2020 WL 6940783 (E.D. Tex. Nov. 24, 2020) (citing *Woods*, 60 F.3d at 1166).

Plaintiff alleges repeatedly that the defendants retaliated against him. But he never alleges <u>why</u> they were retaliating or <u>how</u> he knows they were motivated by a desire to retaliate. Nevertheless, the Court reviewed the chronology of events set forth in the Second Amended Complaint to determine whether it could plausibly establish a claim for retaliation. Plaintiff's

allegations of retaliation are wholly conclusory, and he does not allege any facts that give rise to a reasonable inference that he was the victim of retaliation. Accordingly, Plaintiff fails to state a claim for retaliation against any defendant. This claim lacks merit, it should be dismissed with prejudice.

6.   Threats and Harassment

Plaintiff asserts that on March 22, 2020, Officer Apata went to his cell and began to harass him by yelling at him and threatening to get even with him for filing a Prison Rape Elimination Act complaint. Officer Apata's harassment and threats occurred in front of Officer Oboh. (Dkt. #47-1, p. 10). Throughout Plaintiff's second amended complaint, he alleges that he was harassed and threatened by the various defendants. Verbal harassment, without more, cannot amount to a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). In *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002), the Fifth Circuit held that verbal abuse and requiring an inmate to beg for food did not provide a basis for an actionable claim under section 1983. The Fifth Circuit made the following statement about officials threatening a plaintiff:

> [I]n the Eighth Amendment context, our circuit has recognized as a general rule that "mere threatening language and gestures of a custodial officer[r] do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (1983) (quoting *Coyle v. Hughs*, 436 F. Supp. 591, 593 (W.D. Okla. 1977); *accord Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not comprise a § 1983 violation), *cert. denied*, 414 U.S. 1033 (1973); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" the prisoner does not state constitutional deprivation under § 1983).

*Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995). Even accepting his allegations of threats and harassment as true, Plaintiff's complaints of threats and harassment should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

7.  <u>Conspiracy</u>

He further asserts that the Defendants conspired to write disciplinary cases against and keep him locked up. To prove a conspiracy, plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). As noted previously, Plaintiff has not established a violation of his due process rights. His conspiracy claim fails because he has not shown an actual violation of a constitutional right.

Additionally, all of the Defendants are from a single entity – the Texas Department of Criminal Justice (TDCJ). As such, a conspiracy claim against them is barred by the intra-corporate conspiracy doctrine. *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997). Where all defendants are members of the same collective entity, it is construed that the conspiracy does not involve two or more people. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). In this case, all Defendants named in the conspiracy are employees of TDCJ. Thus, they constitute a single entity, which is incapable of conspiring with itself. Even when the defendants are sued in their individual capacities, as in this case, the premise is still true. *Collins v. Bauer*, 2012 WL 443010 (N.D. Tex. January 23, 2012). Even if Defendants were not from the same entity, Plaintiff's claim still fails. He provides nothing to substantiate his claim of conspiracy other than his bare assertion that one

existed. Accordingly, Plaintiff's conspiracy claim fails to state a claim upon which relief can be granted. His claim is meritless and should be dismissed with prejudice.

8. <u>State Created Danger Theory</u>

Plaintiff also argues that his rights were violated under a state-created-danger theory. The Fifth Circuit has never sustained a Section 1983 claim predicated upon the state-created danger theory. *Longoria v. Texas*, 473 F.3d 586, 595 fn.8 (5th Cir. 2006); *see also, e.g., Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 422–23 (5th Cir. 2006); *McClendon v. City of Columbia,* 305 F.3d 314, 329–33 (5th Cir. 2002) (en banc), *cert. denied,* 537 U.S. 1232 (2003); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 530–32 (5th Cir. 1994). Since *Scanlan v. Texas A&M Univ.,* 343 F.3d 533 (5th Cir. 2003), the Fifth Circuit has explicitly rejected this theory of liability. *See Rios,* 444 F.3d at 422–23; *Beltran v. City of El Paso,* 367 F.3d 299, 307 (5th Cir. 2004); *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 249 (5th Cir. 2003). Because Plaintiff was in state custody at the time of the alleged incidents, his claims are fully subsumed by the Eighth Amendment. The claim should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

9. <u>State Constitutional Claims</u>

Plaintiff also alleges that Defendants violated his Texas state constitutional rights under Sections 3 (Equal Rights) and 19 (Due Course of Law) of Article 1 of the Texas Constitution. Plaintiff's state constitutional claims fail to state a claim upon which relief may be granted.

  a. <u>State constitutional claims against the State of Texas, TDCJ, and UTMB</u>

The State of Texas, TDCJ, and UTMB are entitled to sovereign or governmental immunity, which would bar any state law claims brought against them. As a political subdivision of the state, both TDCJ and UTMB are entitled to governmental immunity. *See Tooke v. City of Mexia,* 197

S.W.3d 325, 331 n.11 (Tex. 2006) (internal quotations omitted). Governmental immunity protects an entity from suit unless there has been a clear and unambiguous waiver of this immunity. *Id.* at 328–29. Moreover, a plaintiff who wishes to sue a governmental entity must plead and establish that a state agency's sovereign or governmental immunity has been waived. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999).

In the instant case, Plaintiff has not pled or established that either TDCJ's or UTMB's governmental immunity has been waived. As a result, Plaintiff's state constitutional claims against the State of Texas, TDCJ, and UTMB are barred. Plaintiff has failed to state a claim upon which relief may be granted, and his claims should be dismissed without prejudice.

    b.    <u>State constitutional claims against individual defendants</u>

While sovereign immunity protects the State and its agencies suit on Plaintiff's state constitutional claims, "governmental immunity ... does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 368–69 (Tex. 2009). Because Texas does not recognize a private cause of action for money damages for a violation of the Texas Constitution, *see City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex. 1995), Plaintiff's state constitutional claims against Defendants in their individual capacities fail to state a claim upon which relief may be granted.

As to Plaintiff's request for prospective injunctive—overturning or expunging his disciplinary cases and reconsidering his parole related requirements—Plaintiff has not alleged facts that show that the individual Defendants violated a state statutory or constitutional provision related to his injunctive claims. Plaintiff specifically failed to state any facts that show the

individual Defendants violated Article 1, Section 3. To state a claim for an equal rights violation, Plaintiff must allege that equality under the law has been denied "because of a person's membership in a protected class of sex, race, color, creed, or national origin." *Bell v. Low Income Women of Tex.,* 95 S.W.3d 253, 257 (Tex. 2002). The fact that Plaintiff had received disciplinary cases while in prison is not sufficient to allege a violation of equal rights.

Moreover, his Section 19, Article 1 claim is equally faulty. Due course of law, as used in Section 19, has traditionally been viewed as co-extensive with the United States Constitution's due process of law guarantee. *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249, 252–53 (1887); *In re Estate of Touring,* 775 S.W.2d 39 (Tex.App. 1989); *Massachusetts Indem. & Life Ins. Co. v. Texas State Bd. of Ins.,* 685 S.W.2d 104, 113–14 (Tex.App. 1985); *Armstrong v. Randle,* 881 S.W.2d 53, 56 (Tex.App. 1994). With any due process challenge, a plaintiff must show: 1) a constitutionally protected property interest, 2) what process was owed before that interest could be deprived, and 3) the inadequacy of the process provided. *Johnson v. Houston Indep. Sch. Dist.,* 930 F.Supp. 276, 286 (S.D. Tex. 1996). In Plaintiff' Second Amended Complaint, he does not allege what process was owed to him and how it was inadequate because he received disciplinary cases. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (explaining that plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal). Because Plaintiff does not allege any facts as to the nature of the violation of his right to due course of law, Plaintiff's state law due course of law claim should be dismissed for failure to state a claim.

10. <u>Claims for Prospective Injunctive Relief</u>

In his Second Amended Complaint, Plaintiff moves for prospective injunctive relief for the Court to order TDCJ to expunge his disciplinary convictions and to reconsider his parole-related requirements. For a permanent injunction to issue, a plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (recognizing that the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success)). Here, the Court need not undertake an analysis of whether equitable relief is appropriate as Plaintiff did not prevail on the merits of his claims. Plaintiff's request for prospective injunctive relief against the Defendants in their officials under 42 U.S.C. § 1983 should be denied.

<u>Recommendation</u>

It is recommended that Plaintiff's complaint against the State of Texas, TDCJ, UTMB, and the Defendants in their official capacities for money damages be dismissed without prejudice. It is further recommended that Plaintiff's complaint against the Defendants in their individual capacities be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 6th day of June, 2023.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE