UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00253

**Luis Ray Jaramillo, Jr.,**
*Plaintiff,*
v.
**Texas, TDCJ-CID et al.,**
*Defendants.*

### ORDER

 Plaintiff Luis Ray Jaramillo, Jr., proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). On January 17, 2023, the magistrate judge issued a report recommending that plaintiff's lawsuit be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Doc. 55. Plaintiff filed objections to the report. Doc. 58.

 The court reviews the objected to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissing the State of Texas, TDCJ, UTMB, and the individual defendants in their official capacities for money damages because plaintiff did not state a claim that would waive each entity's entitlement to Eleventh Amendment protection. Plaintiff's objection to the report does not identify a cause of action or show that his pleadings allege facts establishing a legal basis for relief against the State of Texas, TDCJ, UTMB, or the individual defendants in their official capacities for money damages that waive their respective Eleventh Amendment protections.

 In his objections, plaintiff contends that he asserted that TDCJ and UTMB received emergency coronavirus funds during the pandemic, that he brought his civil action under the Rehabilitation Act, and, therefore, TDCJ and UTMB's Eleventh Amendment

protection is waived. The mere fact that either TDCJ or UTMB may have received federal funds or a grant to carry out a program is, without more, not enough to state a cause of action that creates waives Eleventh Amendment protection.

A review of the second amended complaint (Docs. 47, 47-1) does not show that plaintiff raised a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (the "Rehab Act"). Doc. 47-1. To state a Rehab Act claim, a plaintiff must assert that he is an individual with "(1) a qualifying disability; (2) that he is being [excluded from participation in, or] denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Plaintiff's second amended complaint is silent as to asserting the elements of a Rehab Act claim. His objection is without merit.

The magistrate judge recommended dismissal of the individual defendants in their individual capacities for failure to state claim upon which relief may be granted. Plaintiff objects to the recommendation by providing a factual recitation of his allegations. Frivolous, conclusory, or general objections need not be considered by the district court. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996). Plaintiff's generalized objection to the report's recommendation is not a valid objection.

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Plaintiff's claims against the State of Texas, TDCJ, and UTMB are dismissed for lack of subject matter jurisdiction. His claims for money damages against the individual defendants in their official capacities are dismissed for lack of subject-matter jurisdiction. Plaintiff's claims against the individual defendants in their individual capacities are dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

- 3 -

*So ordered by the court on August 9, 2023.*

_____
J. CAMPBELL BARKER
United States District Judge